UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| MORTIA WALKER ON BEHALF OF HER INFANT CHILDREN S.W. AND K.W., | COMPLAINT AND JURY DEMAND |

                                                            Plaintiffs

                                 -against-

CITY OF NEW YORK, POLICE OFFICER PHILLIP
PENA , POLICE OFFICER PASQUALE DETHOMAS,
SERGEANT GIBSON, AND JOHN DOE POLICE
OFFICERS #1-2,

                                                      Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief through 42 U.S.C. §1983 for the violation of their Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from an August 11, 2017 incident in which Officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, battery, false arrest and excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

## PARTIES

7. Plaintiffs resided at all times here relevant in Bronx County, City and State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Officers Pena, Dethomas and Gibson were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants and employees of the City of New York and are sued in their individual capacity.

10. On information and belief, at all times relevant hereto, defendant officers were involved in the decision to arrest plaintiff without probable cause or failed to intervene in

the actions of their fellow officers when they observed them arresting plaintiff without probable cause.

11. On information and belief, the defendant officers were involved in denying plaintiff due process or failed to intervene in the actions of their fellow officers when they observed them denying plaintiff due process.

12. On information and belief, the defendant officers were involved in the assault, battery and use of excessive force against plaintiffs or failed to intervene in the actions of their fellow officers when they observed them assaulting plaintiffs.

13. On information and belief, at all times relevant hereto, defendant officers were under the command of PSA 7 and are sued in their individual capacities.

14. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

15. Within 90 days of the events giving rise to these claims, plaintiffs filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. At the time of the incident giving rise to this claim, S.W was 16 years old and his brother, K.W. was 13 years old. Neither had been arrested or in trouble with the police before this incident.

17. On the evening of August 11, 2017, Mortia Walker and her two young sons,

S.W. and K.W., were visiting a cousin's house in the Bronx. At about 9PM, Ms. Walker asked her sons to return to their home to grab some diapers and bring them back to the cousin's house. The boys agreed. They walked to their home, retrieved the diapers, placed them in a Frozen Disney character back pack and began to walk back to the cousin's home.

18. When the boys reached the bridge at 165th St and Melrose Ave., a car pulled up and a man jumped out. Believing they were about to be attacked, S.W. yelled to his younger brother to run. Even a bystander yelled from across the street; "Run, little kids, run!".

19. S.W. made it a short distance before realizing that his younger brother was not with him. K.W. had tried to keep up with his brother but the man from the car slammed his body into the young boy and knocked him to the ground. K.W. managed to get up but then was tripped by another man from the car and again fell to the ground. The car that the men had gotten out of then struck K.W. causing him to again fall. K.W. was placed in handcuffs without explanation or cause.

20. Not far from where K.W. was attacked, S.W. was grabbed by one of the men and slammed onto the ground. S.W. was on the ground on his back when the man pressed his boot onto S.W.'s chest. S.W. was rolled over onto his stomach and again the man stomped on the young boy's back. S.W. was struggling to breathe. He was placed in handcuffs without explanation or cause.

21. Not until the boys were handcuffed did the men identify themselves as the defendant officers. They were dressed in plainclothes, did not have any shields or badges displayed and drove an unmarked car. After the boys were handcuffed, the officers

turned on the car's flashing lights. The first words the officers spoke to the boys were in the form of interrogation questions. The defendant officer demanded to know "what was in the book bag, what do you have on you."

22. The boys were picked up by their cuffed wrists and searched. Their property, which consisted of a small book bag, was searched. Only diapers and food were found.

23. Without any reason to detain the boys any longer, they were released. No charges were ever filed.

24. The boys ran to their cousin's house and explained their ordeal to family members. The family went to the precinct and filed a complaint.

25. During that night, S.W. awoke with pain to his shoulder and back. K.W. had pain to his right leg and rib area. The following day both boys were treated at Lincoln Medical Hospital for injuries including abrasions, back pain, nausea and other injuries.

26. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

27. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

28. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

a. Violation of their rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b. Violation of their rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety;

f. Physical injury; and

g. Loss of liberty.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983

29. The above paragraphs are here incorporated by reference.

30. The officer defendants wrongfully, illegally, and unjustifiably arrested and imprisoned plaintiffs, depriving them of their liberty. Defendants also subjected plaintiffs to excessive force causing injury.

31. The wrongful, unjustifiable, and unlawful apprehension, arrest, excessive force, and imprisonment of plaintiffs was carried out without a valid warrant, without plaintiffs' consent, and without probable cause or reasonable suspicion.

32. At all relevant times, defendants acted forcibly in apprehending, arresting, and

imprisoning plaintiffs.

33. All of this occurred without any illegal conduct by plaintiffs.

34. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

35. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment

36. The above paragraphs are here incorporated by reference.

37. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

38. Defendants intended to confine plaintiffs; plaintiffs were conscious of their confinement and did not consent to their confinement.

39. Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrests, detentions and imprisonments during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

40. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

## THIRD CAUSE OF ACTION
Assault & Battery

41.   The above paragraphs are here incorporated by reference.

42.   By repeatedly making physical contact including shoving, tripping, grabbing, stomping and tossing plaintiffs to the ground, without provocation and with no penological purpose, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and offensive touching.

43.   Defendant officers engaged in and subjected plaintiffs to immediate harmful and offensive touching without their consent, without provocation and with no penological purpose.

44.   Defendants used excessive and unnecessary force with plaintiff.

45.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's injuries during this period of time.

46.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.


WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

   A.   In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

   B.   Awarding plaintiffs punitive damages in an amount to be determined by a jury;

   C.   Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.        Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:       May 29, 2018                                Respectfully yours,
                Brooklyn, New York

TO:
    City of New York                                 By: Nicole Bellina
    Office of Corporation Counsel          Stoll, Glickman & Bellina, LLP
    100 Church Street                                 Attorneys for Plaintiff
    New York, NY  10007                          300 Cadman Plaza West Fl.12
                                                     Brooklyn, NY  11201
    Police Officer Pena                             nbellina@stollglickman.com
    Police Officer Dethomas
    Sgt. Gibson
    PSA7
    737 Melrose Avenue
    Bronx, NY 10455