| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/6/2021 |

------------------------------------------------------------------------ x

MORTIA WALKER, on behalf of her infant son K.W.,

                                                               Plaintiff,

                     -against-

CITY OF NEW YORK, POLICE OFFICER PHILLIP
PENA, POLICE OFFICER PASQUALE DETHOMAS,
SERGEANT GIBSON, POLICE OFFICER NICHOLAS
RIOS AND POLICE OFFICER FELIX BAEZ,

                                                            Defendants.

**INFANT COMPROMISE ORDER**

18CV4815 (MKV)

------------------------------------------------------------------------ x

       The Plaintiff, MORTIA WALKER, having moved for an Order authorizing and empowering her to compromise this action on behalf of her son, K.W.,

       Upon the reading and filing of the annexed affidavit of MORTIA WALKER, the mother and natural guardian of the infant, K.W., sworn to on October 20, 2020, and the affirmation of NICOLE BELLINA, ESQ., sworn to on October 20, 2020, and

       It appearing that the infant K.W. was born in 2004, and it further appearing that the best interests of the infant will be served by the settlement and compromise, and due deliberation having been had herein, and upon all past papers and proceedings herein;

       NOW, on motion of NICOLE BELLINA, attorney for the Plaintiff, it is

       ORDERED, that MORTIA WALKER, the mother and natural guardian of the infant K.W., is hereby permitted to enter into a compromise and settlement of the infant's claims for relief for the sum of $39,500, to be paid by defendants City of New York and $500 to be paid by Sergeant Lamont Gibson; and it is further

ORDERED, that out of said sum, attorney for Plaintiff, STOLL, GLICKMAN & BELLINA, LLP, is to receive the sum of $13,333 as compensation for legal services, and $244 for reimbursed expenditures for a total of $13577, in connection with settlement of MORTIA WALKER'S claims on behalf of her infant son K.W.; and it is further

ORDERED, that the balance of $26,423 ($25,923 by the City of New York and $500 by Sergeant Gibson) be paid to MORTIA WALKER, the mother and natural guardian of K.W.  The sums shall be deposited in an interest bearing account in the name of MORTIA WALKER, as mother and natural guardian of K.W., to the credit of said infant, at Ridgewood Savings Bank, 3824 White Plains Rd., Bronx, NY 10467 (the "Bank") and to be held for the sole use and benefit of the infant in an account paying the highest rate of interest available, until the infant reaches the age of eighteen years; and it is further

ORDERED, that said depository is authorized and directed to maintain at least one hundred per cent (100%) of said fund in a form of deposit in said depository yielding the highest dividend, providing that said fund shall be in such a form that it will be all available to said infant when she attains the age of eighteen years; and it is further

ORDERED that no withdrawals from the account shall be made except upon the prior Order of this court which Order shall bear the raised seal of the Court; and it is further

ORDERED, that when the infant has attained the age of eighteen years, upon demand therefore, together with presentation of the proper proof of said age, the Bank is directed to pay over to said infant all monies then on deposit in said account, together with any interest accrued thereon; and it is further

ORDERED, that upon full compliance with all of the terms of this Order, the mother and natural guardian is authorized, empowered and permitted to execute and deliver a General Release and any other papers necessary to effectuate the settlement herein; and it is further

ORDERED, that the filing of a bond herein be dispensed with.

Date: January 6, 2021

*Mary Kay Vyskocil*
Mark Kay Vyskocil
United States District Judge

---

Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action on behalf of a minor child. In determining whether an infant compromise should be approved, the reviewing court "shall conform, as nearly as may be, to the New York State statutes and rules." Local Civil R. 83.2(a)(1). In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on "whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable." *D.J. ex rel. Roberts v. City of New York*, 11-cv-5458, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), r*eport and recommendation adopted sub nom., Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012) (citing Local Civil R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C .P.L.R. §§ 1205–1208).

"There is a strong presumption that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Campbell v. City of New York*, 15-cv-2088, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting *Orlandi ex rel. Colon v. Navistar Leasing Co.*, 09-cv-4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011)). Under New York Judiciary Law § 474, whether the amount of attorneys' fees requested as part of an infant compromise proceeding is appropriate turns on whether it is "suitable compensation for the attorney for his service . . . [on] behalf of the . . . infant." Id. at *4 (quoting *Allstate Ins. Co. v. Williams*, 04-cv-4575, 2006 WL 2711538, at *4 (E.D.N.Y. Sept. 21, 2006)). The agreed-upon contingency fee is only a guide, and the Court must make an independent determination.

Having carefully reviewed all of the documents submitted by the parties, the Court finds that the proposed settlement is in the best interest of infant K.W. and that the proposed attorney's fees are reasonable.